IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LAWRENCE CHRISTOPHER REDDING, | Civil No. 10-998-PK |
| Plaintiff, | |
| v. | |
| DR. J. DHALIWA, et al., | ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION |
| Defendants. | |

HERNANDEZ, District Judge.

Plaintiff has filed his third Motion [65] for injunctive relief in this civil rights action seeking an Order from this court directing the Bureau of Prisons ("BOP") to provide him with back surgery or to move him to a medical facility more suitable to handling serious cases like his. Plaintiff contends this latest motion is based on newly discovered evidence. Namely, a response from the prison appeals administrator advising plaintiff that his scheduled surgery "has been delayed as [plaintiff] initiated legal

1 - ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION

action against FCI Sheridan, and the consultant neurosurgeon that was to perform the surgery declined to do so"; plaintiff's representation that a prison physician's assistant informed him "that there is not another doctor in Oregon that will do the surgery and because of [plaintiff's] legal action against the B.O.P. [he] can also forget getting aspirin from the medical staff here at F.C.I. Sheridan; and plaintiff's contention that the BOP is now waffling on the type of treatment he should receive.

Notably, plaintiff does not allege that the neurosurgeon who was previously scheduled to perform his surgery is under the BOP's control or that he conspired with defendants to deny plaintiff needed medical care because of this pending litigation. Moreover, plaintiff's allegations suggesting the prison medical staff will refuse him any future pain medication and that prior approval of his back surgery is now in jeopardy, are refuted by defendants' recently filed Motion to Dismiss/Motion for Summary Judgment. Specifically, defendants contend that since coming to Sheridan plaintiff has received extensive medications including pain medications, though he has been weaned off addictive narcotics, in part to make him a better surgical candidate. In addition, defendants indicate that despite the fact that two neurosurgeons have declined to perform surgery on plaintiff, "medical staff at FCI Sheridan are continuing their efforts to find a neurosurgeon

2 - ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION

who will perform the surgery plaintiff is seeking. Memorandum in Support [67], pp. 4-5.

As the court has previously advised plaintiff, ordinarily, a preliminary injunction maintains the status quo pending a final decision on the merits. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). Plaintiff is asking the court to alter the status quo by granting him, before trial, the very relief he hopes to obtain through this action. Such a "mandatory injunction," as it is known, is granted only in extraordinary circumstances. See LGS Architects, Inc. V. Concordia Homes of Nevada, 434 F.3d 1150, 1158 (9th Cir. 2006). Plaintiff's "new evidence" notwithstanding, he has failed to show that the present case rises to that level and his motion for preliminary injunction is denied.

## CONCLUSION

Based on the foregoing, plaintiff's Motion for Preliminary Injunctive Relief [65] is DENIED.

IT IS SO ORDERED.

DATED this 13 day of June, 2011.

Marco A. Hernandez
United States District Judge

3 - ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION