IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LAWRENCE CHRISTOPHER REDDING,

Plaintiff,

CV 10-998-PK

v.

OPINION AND ORDER

J. DHALIWA, DAVIS, DE LA HERAS, KISSEL, ZIMMERMAN, KEENE, WESTMEYER, MORRIS, PAAPE, JACQUEZ, GARDNER, BUZA, CIESLIK, J. C. THOMAS, ALAN BOOTH, COLE, and TOVAR,

Defendants.

PAPAK, Magistrate Judge:

Plaintiff Lawrence Christopher Redding, an incarcerated prisoner proceeding *pro se*, filed this action *in forma pauperis* on August 20, 2010, identifying as defendants in the caption of his complaint the United States Bureau of Prisons, Dr. J. Dhaliwa, Dr. Davis, and Mr. De La Heras, but indicating in the body of his complaint his intention to proceed against Mr. De La Heras, Dr. Dhaliwa, Dr. Davis, J. C. Thomas, David Keene, Dr. Westinhimer, Doctor Sheridan, Mr. Jacquez, Sandy Gardner, Dr. Buza, United States Bureau of Prisons, Dr. Paape, Alan Booth, Moore, and Cieslik. As originally filed, Redding's complaint identified the causes of action on

which Redding intended to proceed as arising out of defendants' violation of his rights under the Eighth Amendment, First Amendment, and 42 U.S.C. § 1997(d), and recited facts in support of those claims in a separately filed document entitled "Memorandum of Law, Points and Authorities." On September 9, 2010, Redding moved for leave to amend his pleading to identify in the caption of his complaint those defendants named in the body of the complaint who were not identified in the caption as the complaint was originally filed. On December 15, 2010, I granted Redding's motion, effectively construed his original pleading, the Memorandum of Law, Points and Authorities, and the motion for leave to amend as collectively constituting Redding's amended complaint, directed the clerk of court to caption the case in accordance with Redding's intention. In addition, I dismissed Redding's claims to the extent alleged against the United States Bureau of Prisons. In consequence, I directed the clerk to issue process as to defendants Dhaliwa, Davis, De La Heras, Kissel, Zimmeran, Keene, Westmeyer, Morris, Paape, Jacquez, Gardner, Buza, Cieslik, Thomas, Booth, Cole and Tovar only, and directed that the United States Marshal's Service serve those defendants with Reddings' summons, complaint, and Memorandum of Law, Points and Authorities.

Now before the court are Redding's third motion (#93) for appointment of counsel, Redding's motion (#95) to "strike" a portion of my order (#90) in this action dated July 13, 2011, Redding's motion (#96) to stay these proceedings, and Redding's motion (#103) for a continuance of these proceedings. I have considered the motions and all of the pleadings on file. For the reasons set forth below, each of the foregoing motions is denied.

## RELEVANT PROCEDURAL HISTORY

Redding filed this action *in forma pauperis* August 20, 2010. Simultaneously with filing

his complaint, Redding filed a motion for appointment of counsel. On August 27, 2007, I denied Redding's motion for appointment of counsel on the grounds that there is generally no constitutional right to counsel in a civil case, and that Redding's action did not present such exceptional circumstances as to warrant the extraordinary measure of requesting volunteer *pro bono* counsel to serve as his legal representative.

On or around September 6, 2010, Redding served all defendants in this action with a set of requests for interrogatory responses, principally seeking personal financial information from the defendants. It appears that some or all of the defendants may have responded to some, but not all, of Redding's interrogatory requests. On April 13, 2011, Redding moved to compel further responses to his interrogatory requests. On April 18, 2011, Judge Hernandez denied Redding's motion to compel as premature, on the grounds that defendants had not yet filed an answer to Redding's complaint, and were not required to do so until May 26, 2011.

Defendant Gardner moved to dismiss Redding's claims against her pursuant to Federal Civil Procedure Rule 12(b) on May 4, 2011, "for failure to state a claim, insufficient process, insufficient service of process, and the statute of limitations." In the alternative, Gardner moved that Redding make his complaint more definite and certain, pursuant to .Federal Civil Procedure Rule 12(e).

Redding moved for appointment of counsel a second time on May 19, 2011. On May 26, 2011, I denied Redding's second motion for appointment of counsel for the same reasons set forth in my order dated August 27, 2010, denying Redding's first motion for appointment of counsel.

On June 3, 2011, defendants Booth, Cole, Davis, Heras, Jacquez, Keene, Morris, Paape,

Thomas, Tovar and Zimmerman (collectively, the "federal defendants") moved to dismiss Redding's claims against them. The federal defendants moved in the alternative for entry of summary judgment in their favor as to Redding's claims against them.

Redding moved pursuant to Federal Civil Procedure Rule 56(f) for a continuance of further proceedings in connection with the federal defendants' dispositive motions on June 21, 2011, in order to permit him to obtain his complete medical records from the correctional institution in which he is housed and to obtain complete responses to his interrogatory requests. On July 13, 2011, I granted the motion for continuance and directed the federal defendants to cooperate with Redding's efforts to obtain his medical records and Bureau of Prisons policies regarding treatment of inmates. In addition, I ordered that the defendants would be permitted to refrain from providing further responses to Redding's interrogatory requests which, as noted above, chiefly sought personal financial information of no relevance to Redding's claims.

Redding filed a third motion for appointment of counsel on July 19, 2011, a motion styled as a motion to strike that portion of my order dated July 13, 2011, relieving defendants of any obligation to provide further responses to Redding's interrogatory requests on July 19, 2011, a motion for stay of these proceedings on July 20, 2011, and a second motion to continue pursuant to Rule 56(f) on August 10, 2010. These latter four motions are now before the court.

## ANALYSIS

### I. Redding's Third Motion (#93) for Appointment of Counsel

As noted in my order dated August 27, 2010, there is generally no constitutional right to counsel in a civil case. *See United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). Moreover, as also noted in my order dated August 27, 2010, while the federal courts have

discretion pursuant to 28 U.S.C. § 1915(e) to request volunteer counsel for indigent plaintiffs in "exceptional circumstances," such circumstances have not been established here. Redding's third motion for appointment of counsel is therefore denied, for the same reasons set forth in my order (#9) dated August 27, 2010.

**II. Redding's Motion (#95) Styled as a Motion to "Strike" a Portion of my Order (#90) Dated July 13, 2011**

Redding seeks an order to "strike" that portion of my order (#90) dated July 13, 2011, relieving defendants of any obligation to provide further responses to Redding's interrogatory requests. As discussed above, the responses Redding seeks from the defendants constitute private, personal financial and related information of the defendants, and are without bearing on the claims at issue in this action. Redding's motion is therefore denied.

**III. Redding's Motion (#96) to Stay these Proceedings**

By and through his motion to stay, Redding requests an order staying these proceedings until such time as defendants comply with that portion of my order (#90) dated July 13, 2011, directing defendants to assist Redding in obtaining his complete medical records. It appears undisputed that defendants have complied with that portion of my order, and that Redding is now in possession of his complete inmate file, including his complete medical records through approximately mid-June, 2011. In consequence, Redding's motion for stay is denied as moot.

**IV.` Redding's Motion (#103) for Continuance**

By and through his second motion for continuance, Redding seeks an order to continue these proceedings in order to permit Redding to obtain medical records generated in connection with a trip Redding took to a hospital emergency room on August 8, 2011. Because Redding has

not established that these records are necessary for Redding to be able to support his claims – which he presumably believes had accrued as of the date he filed his complaint in this action – the motion is denied.

**CONCLUSION**

For the reasons set forth above, Redding's third motion (#93) for appointment of counsel, motion (#95) styled as a motion to "strike" a portion of the court's order (#90), and motion (#103) for continuance are each denied, and Redding's motion (#96) for stay is denied as moot.

Dated this 31st day of August, 2011.

Honorable Paul Papak
United States Magistrate Judge