IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

LAWRENCE CHRISTOPHER REDDING,

        Plaintiff,                     No. CV-10-998-PK

    v.

J. DHALIWAL, et al.,                ORDER

        Defendants.

HERNANDEZ, District Judge:

    Magistrate Judge Papak issued a Findings and Recommendation (#115) on October 4, 2011, in which he recommends the Court (1) grant Gardner's motion to dismiss; (2) grant in part the federal defendants' motion to dismiss (specifically, denying as to the injunctive relief claim, granting as to the First Amendment/42 U.S.C. § 1997d claim for all defendants and granting as to both the First Amendment/42 U.S.C. § 1997d and Eighth Amendment claims as to defendants Cole, Tovar, Morris, Paape, Jazquez, Thomas, and Booth); (3) grant in part the federal

1 - ORDER

defendants' alternative motion for summary judgment (specifically, granting as to both the First and Eighth Amendment claims as to defendant Keene, granting as to the portion of the Eighth Amendment claim based on the failure to prescribe prescription pain medication, denying as to the portion of the Eighth Amendment claim based on the delay in scheduling surgery as to defendants Davis and Dhaliwal[1], and denying on the issue of qualified immunity); (4) allow plaintiff thirty days in which to file an Amended Complaint; (5) order plaintiff to show cause within thirty days why the claims against Buza, Cieslik, and Kissel should not be dismissed for lack of prosecution; and (6) order Westmeyer to show cause within thirty days why default should not be entered against him on the Eighth Amendment claim.

Plaintiff and the federal defendants have timely filed objections to the Findings and Recommendation. The matter is now before me pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1); <u>Dawson v. Marshall</u>, 561 F.3d 930, 932 (9th Cir. 2009); <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

I have carefully considered the parties' objections and, except as noted below, I conclude that the objections do not provide a basis to modify the Findings and Recommendation. I have also reviewed the pertinent portions of the record *de novo* and find no error in the Magistrate Judge's Findings and Recommendation.

---

[1] Magistrate Judge Papak also indicated that this portion of the motion should be denied as to defendant Westmeyer. However, as indicated below, Westmayer is not one of the "federal defendants" and thus, was not a moving defendant.

Plaintiff objects to the dismissal of his First Amendment claim (#123). Magistrate Judge Papak recommended that the First Amendment claim be dismissed because while plaintiff alleged that he had engaged in protected conduct by filing multiple grievances in connection with his medical issues, and while plaintiff alleged that adverse action had been taken against him, he failed to allege that defendants' actions were taken to chill, or did chill, the exercise of his First Amendment rights. Findings & Rec. at pp. 22-23. Magistrate Judge Papak also understood plaintiff's allegations to be that the retaliatory action taken against him was the failure to process or act on additional grievances, and not the withholding of necessary medical care. Id. at p. 23 n.4.

Liberally reading his objections, plaintiff appears to allege that he is being punished by medical staff because of his "filing and persistency," including being placed in the Special Housing Unit, which, plaintiff argues, has no correctional goal other than chilling the exercise of his First Amendment rights. Oct. 24, 2011 Objs. at pp. 2-3 (Dkt #123). Because these allegations appear in plaintiff's objections to the Findings & Recommendation and not in the documents Magistrate Judge Papak has construed to constitute his Amended Complaint, Magistrate Judge Papak did not err in dismissing the First Amendment/42 U.S.C. § 1997d claim as pleaded in the Amended Complaint for failure to state a claim. Plaintiff may incorporate these, and other relevant allegations, into a Second Amended Complaint should he choose to do so.

Magistrate Judge Papak also recommended that defendant Westmeyer be given thirty days to show cause why a default should not be entered against him. Magistrate Judge Papak referred to Westmeyer as a "Sheridan" physician, indicating that Westmeyer was employed by

3 - ORDER

the Bureau of Prisons at the Federal Correctional Institution at Sheridan. Findings & Rec. at p. 9; see also Id. at p. 3 n. 1 (noting that Westmeyer was employed by the Bureau of Prisons, had been served with process, and indicating that the federal defendants failed to explain why Westmeyer had made no appearance in the action). In their objections to the Findings & Recommendation, the federal defendants clarify that Westmeyer was a "contract employee" at the relevant time and thus, is not represented by the United States Attorney's Office. Fed. Defts' Objs. at p. 2 n.1 (Dkt #134).

The record shows that Westmeyer filed an Answer on November 4, 2011. Thus, default, having not yet been initiated by plaintiff or the Court, is not appropriate. As a result, I do not adopt the Magistrate Judge's recommendation that Westmeyer be given thirty days to show cause why a default should not be entered.

The clarification of Westmeyer's status provides the basis for the objection by the federal defendants to one finding made by Magistrate Judge Papak. In discussing plaintiff's Eighth Amendment claim, Magistrate Judge Papak stated that "the federal defendants expressly concede Sheridan medical staff's agreement that the requested surgery is necessary[.]" Findings & Rec. at p. 28. In their objection, the federal defendants concede that Westmeyer believed the surgery was necessary. Fed. Defts' Objs. at p. 3 (Dkt #134). Beyond that, they note that two civilian neurosurgeons determined that the surgery was not mandatory. As a result, they suggest that the more accurate statement is that while Westmeyer believed surgery was necessary, there remained a difference of medical opinion as to that necessity. Given that Westmeyer was a contract physician at Sheridan at the time, I construe Magistrate Judge Papak's reference to "Sheridan medical staff" to be limited to Westmeyer. So limited, it is fully supported by the record.

Finally, during the time objections to the Findings & Recommendation, and responses to those objections, were being filed, plaintiff moved for appointment of counsel for the fourth time. (Dkt #126). For reasons previously articulated by Magistrate Judge Papak in his earlier Orders denying all of plaintiff's prior motions for appointment of counsel (Aug. 27, 2010 (Dkt #8); May 26, 2011 (Dkt #63); Sept. 1, 2011 (Dkt #112)), I deny the motion. Plaintiff has a sufficient ability to articulate his claims, the claims are not of extraordinary legal complexity, and thus, there are no "exceptional circumstances" warranting an appointment. I note, however, that should any of plaintiff's claims survive summary judgment in whole or in part, plaintiff may renew his motion at that time.[2]

## CONCLUSION

The Court ADOPTS Magistrate Judge Papak's Findings and Recommendation [#115] in part, and, therefore,

(1) Gardner's motion to dismiss [#57] is granted, and her alternative motion to strike and make more definite and certain, is denied;

(2) the federal defendants' motion to dismiss, or alternatively, motion for summary judgment [#66] is granted in part and denied in part as follows:

    (a) the motion to dismiss is denied as to the claim for injunctive relief;

    (b) the motion to dismiss is granted as to the First Amendment/42 U.S.C. § 1997d

---

[2] Although the part of plaintiff's Eighth Amendment claim regarding the scheduling of back surgery is still alive, the fact that he is being given leave to file a Second Amended Complaint, the fact that Westmeyer has just entered the case, and the fact that the federal defendants represent that because of the construction of plaintiff's claims by Magistrate Judge Papak in the Findings & Recommendation they now have a better understanding of the claims and as a result, will file another summary judgment motion, it remains unclear what parts, if any, of plaintiff's case may proceed past summary judgment.

5 - ORDER

claim against all defendants;

  (c) the motion to dismiss is granted as to all claims brought against defendants Cole, Tovar, Morris, Paape, Jacquez, Thomas, and Booth;

  (d) the motion for summary judgment is granted as to all claims brought against defendant Keene;

  (e) the motion for summary judgment is granted as to the portion of the Eighth Amendment claim based on the failure to prescribe narcotic pain medication;

  (f) the motion for summary judgment is denied as to the portion of the Eighth Amendment claim based on the delay in scheduling back surgery and as against defendants Davis and Dhaliwal;

  (g) the motion for summary judgment is denied on the issue of qualified immunity;

 (3) Plaintiff has thirty (30) days from the date of this Order to file an Amended Complaint on the First Amendment/42 U.S.C. § 1997d claim and/or as to the manner in which his claims are pled against defendants Cole, Tovar, Jacquez, or Thomas[3];

 (4) Plaintiff has thirty (30) days from the date of this Order in which to show cause why defendant Buza should not be dismissed for failure to prosecute[4]; and

/ / /

---

 [3] Magistrate Judge Papak also included defendants Morris, Paape, and Booth in this part of his Recommendation, but plaintiff expressly dismisses those defendants in his October 18, 2011 Objections. (Dkt #121).

 [4] Magistrate Judge Papak also included defendants Cieslik and Kissel in this part of his recommendation, but plaintiff expressly dismisses those defendants in his October 18, 2011 Objections. (Dkt #121).

6 - ORDER

(5)  Plaintiff's motion for appointment of counsel [#126] is denied.

IT IS SO ORDERED.

DATED this   9th   day of  December          , 2011.

 /s/ Marco A. Hernandez
MARCO A. HERNANDEZ
United States District Judge

7 - ORDER