IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

LAWRENCE CHRISTOPHER REDDING,

                Plaintiff,                No.  3:10-CV-00998-PK

    v.

J. DHALIWAL, et al. ,               ORDER

                Defendants.

HERNANDEZ, District Judge:

      Magistrate Judge Papak issued a Findings and Recommendation (#164) on May 15, 2012, in which he recommends the Court (1) deny plaintiff's fifth motion for appointment of counsel; (2) dismiss certain defendants from the action; (3) deny plaintiff's motion for default judgment; and (4) grant in part and deny in part certain defendants' motion to dismiss.

      Defendants have timely filed objections to the Findings and Recommendation.  The matter is now before me pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure

1 - ORDER

72(b).

When any party objects to any portion of the Magistrate Judge's Findings and

Recommendation, the district court must make a *de novo* determination of that portion of the

Magistrate Judge's report.  28 U.S.C. § 636(b)(1); <u>Dawson v. Marshall</u>, 561 F.3d 930, 932 (9th

Cir. 2009); <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

In an attempt to extract plaintiff's claims from plaintiff's various filings, Judge Papak has

gone to great lengths to review all of plaintiff's filings and to articulate, on plaintiff's behalf,

viable theories of relief.  Despite this effort, defendants, as part of their current objections,

express confusion over which defendants actually remain in the case and the basis for any claims

against them.  Accordingly, I set forth here my understanding of the posture of the case based on

my review of plaintiff's filings and the decisions and orders from the court prior to the issuance

of the May 15, 2012 Findings & Recommendation currently under review.  I then address the

May 15 Findings &  Recommendation and the objections thereto.

In a December 15, 2010 Order, Judge Papak granted plaintiff's motion to amend his

complaint and ordered that the following defendants be served by the United States Marshal's

Service with a summons, the original Complaint, and plaintiff's "Memorandum of Law, Points

and Authorities":  Dhaliwal, Davis, De La Heras, Kissel, Zimmerman, Keene, Westermeyer,

Morris, Paape, Jacquez, Gardner, Buza, Cieslik, Thomas, Booth, Cole, and Tovar.  Dec. 15, 2010

Ord. to Issue Process.  Dkt #19.  Service was executed as to all of these defendants except for

Buza, Cieslik, and Kissell who could not be located under the names and contact information

plaintiff provided.  On October 18, 2011, plaintiff voluntarily dismissed his claims against

Morris, Paape, Booth, Cieslik, Kissel, and Gardner.  Dkt #121.[1]

On October 4, 2011, Judge Papak issued a Findings & Recommendation in which he indicated that plaintiff's original Complaint (Dkt #2), his Memorandum of Law, Points and Authorities (Dkt #4-1), and his Motion for Leave to Amend (Dkt #14) collectively constituted his "Amended Complaint."  Oct. 4, 2011 Findings & Rec. at p. 2.   Judge Papak explained that the "Amended Complaint" raised three claims:  (1) an Eighth Amendment claim based on "the purported failure of Sheridan medical staff to provide Redding with necessary medical care, specifically failure to prescribe the pain medications of Redding's choosing and failure to perform a specified surgical procedure on Redding's back"; Id. at p. 10; (2) a claim under the First Amendment alleging retaliation for having filed grievances related to "the failure to prescribe the pain medication of Redding's choosing, the removal of Redding's wheelchair, and the failure to comply with Redding's prescribed dietary regimen"; Id. at pp. 10-11; and (3) a claim under 42 U.S.C. § 1997d also alleging retaliation for having filed the aforementioned grievances regarding plaintiff's medication, wheelchair, and diet.  Id. at p. 11.  Judge Papak's description is a fair assessment of plaintiff's claims.

As a result of my December 9, 2011 Order adopting the October 4, 2011 Findings & Recommendation, the following defendants were dismissed as to all claims:  Cole, Tovar, Morris, Paape, Jacquez, Thomas, Booth, and Keene.  Dec. 9, 2011 Ord. at p. 6.  I also granted

---

[1]  In the May 15, 2012 Findings & Recommendation, Judge Papak omits Gardner's name from this list but a review of plaintiff's filing shows that Gardner was included in the list of defendants plaintiff voluntarily dismissed.  Dkt # 121.  However, at the time plaintiff voluntarily dismissed Gardner, Judge Papak had already recommended that Gardner's motion to dismiss be granted.  I adopted that recommendation in my December 9, 2011 Order.  Thus, there is no dispute that as of December 9, 2011, Gardner was no longer a defendant in the case.

summary judgment to all of the federal defendants on the portion of the Eighth Amendment claim based on the alleged failure to prescribe particular pain medication.  Id.  I denied summary judgment to Dhaliwal and Davis, and granted summary judgment as to the other federal defendants, as to the portion of the Eighth Amendment claim based on the alleged delay in scheduling back surgery.  Id.[2]  Additionally, I dismissed the First Amendment retaliation claim and the 42 U.S.C. § 1997d claim for failure to state a claim.  Id. at pp. 5-6.  Plaintiff was given leave to file an amended pleading on the First Amendment/42 U.S.C. § 1997d claims, as well as to any claims against Cole, Tovar, Jacquez, or Thomas.

Thus, as of December 9, 2011, what remained of plaintiff's "Amended Complaint" was an Eighth Amendment claim based on an allegation that Dhaliwal and Davis unconstitutionally delayed plaintiff's back surgery.  Additionally, Buzas was still in the case.  Because Buzas had not been served or voluntarily dismissed, I ordered that plaintiff show within thirty days of the date of my December 9, 2011 Order, why Buzas should not be dismissed for failure to prosecute. Id.

As to Westermeyer, he had only recently appeared in the case, having filed an Answer on November 4, 2011.  Dkt. #135.  Thus, Judge Papak's October 4, 2011 Findings & Recommendation and my December 9, 2011 Order did not address any motion filed by Westermeyer.  However, although Westermeyer was not a moving defendant, the December 9,

---

[2]    In the May 15, 2012 Findings & Recommendation under review, Judge Papak correctly notes that my December 9, 2011 Order "granted summary judgment as to all defendants other than defendants Davis and Dhaliwal as to that portion of Redding's Eighth Amendment claim premised on defendants' delay in providing Redding with back surgery[,]" but then he mistakenly refers to the corollary denial of that portion of the Eighth Amendment claim "as to those three defendants[.]"  May 15, 2012 Findings & Rec. at p. 3.  His reference to "those three defendants" is unclear.

2011 Order granting summary judgment to the federal defendants on the portion of the Eighth

Amendment claim regarding pain medication applies to Westermeyer.  Judge Papak analyzed

plaintiff's prison medical records and concluded that plaintiff failed to create an issue of fact as to

whether the pain medication claim amounted to deliberate indifference to plaintiff's serious

medical needs rather than to a difference of medical opinion insufficient to support an Eighth

Amendment claim.  Oct. 4, 2011 Findings & Rec. at pp. 26-28.  The medical records submitted

by the federal defendants in support of their summary judgment motion included records

regarding care provided by Westermeyer.  Id. at pp. 26-29.  Judge Papak referred to Westermeyer

in his discussion of the Eighth Amendment claim.  Id.  Thus, while it may not have been entirely

clear as of December 9, 2011, the portion of the Eighth Amendment claim regarding pain

medication was no longer in the case as to any defendant, including Westermeyer, as of that date.

Moreover, there were no allegations against Westermeyer on the delay of surgery portion of the

Eighth Amendment claim.  In fact, Judge Papak noted that Westermeyer actually recommended

surgery.  Id. at pp. 28-29.  Thus, again, although Westermeyer was not a moving defendant at the

time Judge Papak issued his October 4, 2011 Findings & Recommendation, the December 9,

2011 Order resolving the summary judgment motions applies to Westermeyer.  He was no longer

a defendant in the case as to any claim as of December 9, 2011.

On December 29, 2011, plaintiff filed a motion for leave to file an amended complaint,

Docket #143, which Judge Papak construed as the amended pleading allowed by my December

9, 2011 Order.  In the May 15, 2012 Findings & Recommendation under review, Judge Papak

explains that plaintiff's December 29, 2011 Filing raised amended First Amendment/42 U.S.C. §

1997d claims, but was not intended to supersede plaintiff's previously-filed Eighth Amendment

claim.  May 15, 2012 Findings & Rec. at pp. 3, 7-8.  As a result, he recommends that the court

construe plaintiff's original Complaint, his Memorandum of Law, Points, and Authorities, his

September 9, 2010 Motion for Leave to Amend, and his December 29, 2011 Filing, as

collectively constituting a "Second Amended Complaint," except that to the extent the December

29, 2011 allegations contradict any previously-filed allegations, the latter allegations supersede

the former ones.  Id. at p. 10.  Although I adopt Judge Papak's recommendation that the filings

should be considered in this fashion, I clarify that because plaintiff was given leave to amend

only his First Amendment/42 U.S.C. § 1997d claims, I do not consider any previously unasserted

allegations in the December 29, 2011 Filing on the Eighth Amendment delay of surgery claim.

        Again, just to be clear, at the time the "Second Amended Complaint" was filed, the only

claim in the case was the delay of surgery Eighth Amendment claim as to Dhaliwal and Davis.

Buzas's status was unclear, and plaintiff had been given leave to amend his First Amendment/42

U.S.C. § 1997d claim.

        As to Buzas, in the "Second Amended Complaint," plaintiff states that he does not know

where Buzas is located and cannot obtain the records that might reveal Buzas's location.  Under

Federal Rule of Civil Procedure 4(m), service must be effected within 120 days after the

complaint is filed unless the court, upon a showing of good cause by plaintiff, extends the time

for an appropriate period.   Plaintiff filed this action on August 20, 2010.  Judge Papak ordered

the issuance of process on December 15, 2010.  While plaintiff may have difficulty obtaining

information necessary to effect service on Buzas, he fails to establish good cause for extending

the time for service because he fails to offer any specific information as to what he has done in

the past eighteen months to attempt to locate Buzas and he fails to set forth a plan to obtain such

6 - ORDER

information.  Considering the relevant factors under Federal Rule of Civil Procedure 41(b)

governing involuntary dismissals for failure to prosecute, dismissal of Buzas is appropriate here.

Pagtalunan v. Galaza, 291 F.3d 639 (9th Cir. 2002) (reciting factors).  The public's interest in

expeditious resolution favors dismissal.  Any further delay in the resolution of this case caused

by continued attempts to locate Buzas would seriously interfere with the court's ability to manage

its docket.  There is no risk of prejudice to defendants.  Without the ability to locate Buzas, there

are no less drastic alternatives.  On balance, while the pubic policy favors disposition of cases on

their merits, the other factors weigh in favor of dismissal.  Notably, this is not a dismissal of all

of plaintiff's Eighth Amendment delay of surgery claim as it is still viable against two defendants.

Buzas, however, is dismissed.

Judge Papak's review of the December 29, 2011 Filing led him to conclude that the

defects in the retaliation claim as previously pleaded had been cured.  May 15, 2012 Findings &

Rec. at p. 17.  He noted several alleged adverse actions:

(1)  On October 15, 2009, Dhaliwal allegedly reduced plaintiff's pain medication in

retaliation for plaintiff filing grievances regarding his pain medication on September 2, 2009 and

September 19, 2009, and that Dhaliwal did so for the purpose of chilling plaintiff's First

Amendment right to file grievances;  May 15, 2012 Findings & Rec. at p. 8;

(2) Sometime after September 6, 2010, Tovar allegedly placed plaintiff in a Special

Housing Unit in retaliation for plaintiff having filed grievances regarding confiscation of his

wheelchair and that Tovar did so for the purpose of chilling plaintiff's First Amendment right to

file grievances;  Id. at pp. 8-9;

(3) Sometime after February 8, 2010, Jacquez allegedly refused to process a grievance

7 - ORDER

plaintiff filed regarding the failure to provide him a special diet ordered by Dhaliwal and that

Jacquez did so for the purpose of chilling plaintiff's First Amendment right to file grievances; Id.

at p. 9; and

  (4) On January 12, 2011, Jacquez placed plaintiff in a two-man cell with two other men

where he remained for six months and that Jacquez did so for the purpose of chilling plaintiff's

exercise of his First Amendment rights.  Id.

  So construed, Judge Papak found that plaintiff's First Amendment retaliation claim was

brought against Dhaliwal, Tovar, and Jacquez.  Id. at p. 10.  I adopt Judge Papak's construction of

the retaliation claim.  Thus, I conclude that plaintiff brings his First Amendment/42 U.S.C. §

1997d claims against Dhaliwal, Tovar, and Jacquez.  Accordingly, going forward, the retaliation

claims are directed only at these three defendants.

  After the December 29, 2011 filing, these three defendants moved to dismiss any

injunctive relief requested on the remaining portion of the Eighth Amendment claim and also

moved to dismiss the First Amendment/42 U.S.C. § 1997d claims.  I address these motions in

turn.

  Likely because the allegations have been consistently unclear and required court

interpretation, all of the federal defendants (Booth, Cole, Davis, Dhaliwal, De Las Heras,

Jacquez, Keene, Morris-Silveira, Paape, Thomas, Tovar, and Zimmerman) moved to dismiss

even though some of them were previously dismissed and no new allegations were raised against

them.  Thus, it is appropriate at this juncture to deny the motion to dismiss as moot in regard to

Booth, De Las Heras, Morris-Silveira, Paape, and Thomas.  These defendants have been

previously dismissed from the case by virtue of plaintiff's voluntary dismissal on October 18,

2011, or as a result of my December 9, 2011 Order, and no new allegations have been brought against them.  They are out of the case for all claims.

In regard to the delay of surgery Eighth Amendment claim and plaintiff's request for injunctive relief, I construe the motion to dismiss as having been brought only by Dhaliwal and Davis because, based on prior rulings, they are the only defendants against whom the Eighth Amendment delay of surgery is presently asserted.  Judge Papak recommends that this motion be granted because plaintiff is no longer housed at FCI Sheridan, having been moved to the United States Medical Center for Federal Prisoners in Springfield, Missouri.  Dkt #145.  I agree with Judge Papak.  Any claim for injunctive relief is properly dismissed as moot.

As to the 42 U.S.C. § 1997d claim, Judge Papak explains that because there is no private right of action under this statute, plaintiff's allegations are properly construed as a First Amendment retaliation claim.  May 15, 2012 Findings & Rec. at pp. 15-16.  Although he does not explicitly dismiss the section 1997d claim, that is the effect of his conclusion.  I agree with Judge Papak that without a private right of action under section 1997d, plaintiff's allegations regarding retaliatory conduct by various defendants are actionable only under a First Amendment retaliation theory.  The section 1997d claim is dismissed.

As to the First Amendment claim, Judge Papak noted that the claim was previously dismissed because of plaintiff's failure to allege that the various adverse actions against him were intended to chill his exercise of First Amendment rights or did actually chill those rights.  Id. at p. 17.  He found that the newly-filed allegations were sufficient to cure these defects because plaintiff now alleges that the actions were intended to chill the exercise of his First Amendment right to file grievances, to cause him some degree of harm, and that they lacked any legitimate

9 - ORDER

penological purpose.  Id.  Given that plaintiff has adequately pleaded a First Amendment

retaliation claim, Judge Papak recommends that the defendants' motion to dismiss be denied.

Jacquez objects to Judge Papak's recommendation that Jacquez's motion to dismiss the

First Amendment retaliation claim be denied.  In regard to the allegation that Jacquez retaliated

against plaintiff by failing to process plaintiff's diet-related grievance, defendants note that

plaintiff himself alleges that in response to the grievance, Jacquez advised plaintiff that the

grievance could not be resolved until Davis was available to discuss the situation with plaintiff.

Dec. 29, 2011 Filing at p. 4.  As a result, defendants argue that plaintiff's own allegation

demonstrates that Jacquez did respond to the grievance, but the response was not to plaintiff's

liking.  Thus, the claim fails to state a claim and should be dismissed.  Defendants further argue

that plaintiff's claim is a "roundabout way of holding a non-medical care provider responsible for

failing to provide . . .a medical request."  Defts' Objs. at p. 6.  Defendants contend that because

the court has already rejected that theory of liability, Oct. 4, 2011 Findings & Rec. at p. 24, the

allegations here fail to state a claim.

I disagree with defendants.  As alleged, this claim against Jacquez states a claim because

Jacquez, while indicating that Davis would need to be consulted, allegedly took no action to

otherwise respond to or address the grievance.  Simply informing plaintiff that the grievance is

not presently resolvable is insufficient when the allegation is that Jacquez essentially stonewalled

a response in order to retaliate against plaintiff and to chill his First Amendment rights.

Additionally, I reject defendants' characterization of the allegations as attempting to hold a non-

medical care provider responsible for the failure to provide the special diet.  Plaintiff's claim is

that Jacquez failed to attempt to resolve plaintiff's grievance, not that Jacquez was responsible for

the diet.

Defendants also object to the failure to dismiss the claim against Jacquez based on having Jacquez's alleged January 12, 2011 action of placing plaintiff in a two-man cell along with two other men for the purpose of chilling the exercise of plaintiff's First Amendment rights. Defendants make two arguments in support of dismissal.

First, they rely on a document plaintiff filed in support of his December 29, 2011 Filing which, defendants contend, shows that Jacquez was not responsible for this placement. As defendants note, a district court may properly consider "exhibits attached to the complaint" in resolving a motion to dismiss. See Swartz v. KPMG, LLP, 476 F.3d 756, 763 (9th Cir. 2007). Here, because the December 29, 2011 Filing is part of the "Second Amended Complaint," consideration of the exhibits appended to that filing is appropriate on a motion to dismiss.

The exhibit submitted by plaintiff shows that on January 12, 2011, plaintiff and his then-cell mate received an incident report for the unsanitary condition of their cell. Ex. H to Dec. 29, 2011 Filing (Dkt #143-7 at p. 5). The incident report was issued by Correctional Counselor Simmons. Id. The Unit Discipline Committee reviewed the incident report, including plaintiff's response, and concluded that plaintiff had committed a prohibited act. Id. His sanction was a six-month loss of preferred housing beginning January 19, 2011. Id. The document establishes that Jacquez was not involved in issuing the initial incident report and was not a member of the Unit Discipline Committee which issued the sanction. Thus, I agree with defendants that as to this claim, the motion to dismiss should be granted.[3] I need not address defendants' alternative

---

[3]    In his response to defendants' objections, plaintiff makes some additional, and confusing allegations regarding this claim. He states that he "is not asserting that defendant Jacquez [] placed [plaintiff] in a lower housing status for Retaliatory purposes." Resp. to Objs at

11 - ORDER

argument.

Finally, defendants object to Judge Papak's failure to address the issue of qualified immunity as to plaintiff's First Amendment retaliation claim. Defendants contend that even taking plaintiff's allegations as true, none of the alleged conduct was a violation of the First Amendment. In support, defendants argue that to the extent plaintiff alleges retaliation due to filing grievances, he has failed to identify any constitutional violation because a prisoner does not have a protected liberty interest in prison grievance procedures.

This argument misses the mark. As Judge Papak explained, prisoners have "'First Amendment rights to file prison grievances[.]'" May 15, 2012 Findings & Rec. at p. 16 (quoting Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005)). A "'purely retaliatory action[] taken against a prisoner for having exercised'" that First Amendment right to file grievances "'violate[s] the Constitution.'" Id. (quoting Rhodes, 408 F.3d at 567). Thus, here, if plaintiff's allegations are taken as true, he was retaliated against for filing grievances, the retaliation caused him harm, it served no legitimate penological purpose, and it chilled his First Amendment rights, or was intended to do so. Accepting the truth of these facts, the alleged conduct violates plaintiff's constitutional rights. Qualified immunity is not warranted.

Finally, I accept Judge Papak's recommendations that plaintiff's fifth motion for

---

p. 2. But, he also allege that Jacquez, after having been told by this court that cells were too small for three men, put plaintiff in a two-man cell with two other men for six months because plaintiff filed a grievance and wrote a letter to Senator Ron Wyden complaining about mistreatment by FCI Sheridan staff. Id. I need not consider these allegations given that they appear in a response to objections rather than in any document considered part of the "Second Amended Complaint." But, even if I do, the exhibit attached to the December 29, 2011 Filing and properly considered on a motion to dismiss, reveals that Jacquez had no personal involvement in the housing placement at the basis of this claim.

appointment of counsel be denied, and that plaintiff's motion for default judgment be denied.  I adopt Judge Papak's reasoning in regard to those motions; no further discussion is needed.

In summary, there are two remaining claims.  First, there is an Eighth Amendment claim, for damages only, brought against Davis and Dhaliwal, based on the delay in referring the surgery issue to Dr. Sherrill between December 2010 and March 2011, or subsequently to any other physician capable of performing the surgery.  See Oct. 4, 2011 Findings & Rec. at p. 30 (describing surgery delay allegations).

Second, there is a First Amendment retaliation claim against Dhaliwal, Tovar, and Jacquez, as follows:  (1) against Dhaliwal for allegedly reducing plaintiff's pain medication in October 2009 in retaliation for plaintiff filing grievances as to his pain medication on September 2, 2009 and September 19, 2009; (2) against Tovar for allegedly placing plaintiff in a Special Housing Unit in retaliation for plaintiff having filed grievances regarding confiscation of his wheelchair; and (3) against Jacquez for allegedly refusing to process a grievance plaintiff filed regarding the failure to provide him a special diet ordered by Dhaliwal.

No other claims or defendants remain in the case.

Plaintiff has amended his claims twice.  The court has expended considerable time and resources construing plaintiff's filings and resolving motions attacking the allegations.  At this point, further amendment of claims or parties without express authorization of the Court is not allowed.

CONCLUSION

The Court ADOPTS Magistrate Judge Papak's Findings and Recommendation [164] in part and therefore:

13 - ORDER

(1)  Plaintiff's fifth motion for appointment of counsel [144] is denied;

(2) Plaintiff's motion for default judgment [151] is denied;

(3) The federal defendants' motion to dismiss [152] is granted as to the injunctive relief portion of plaintiff's Eighth Amendment claim; is granted as to the 42 U.S.C. § 1997d claim; is granted as to the First Amendment retaliation claim directed at Jacquez based on his placement of plaintiff in a two-man cell with two other men; and is otherwise denied.

Additionally, Buzas is dismissed for failure to prosecute and Westermeyer is dismissed for the reasons explained above.

IT IS SO ORDERED.

DATED this __25th__ day of __June__, 2012.


__/s/ Marco A. Hernandez_____
MARCO A. HERNANDEZ
United States District Judge

14 - ORDER