IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LAWRENCE CHRISTOPHER REDDING,

        Plaintiff,

                                       3:10-CV-998-PK

v.                                       OPINION AND ORDER

J. DHALIWAL, DAVIS, JACQUEZ, and TOVAR,

        Defendants.

PAPAK, Magistrate Judge:

Plaintiff Lawrence Christopher Redding, an incarcerated prisoner proceeding *pro se*, filed this action *in forma pauperis* on August 20, 2010. Following significant motion practice, over the course of which Redding amended his pleading twice, the court liberally construed the allegations of Redding's first and second amended pleadings and dismissed certain of Redding's pled and/or construed claims in whole or in part. On May 15, 2012, I recommended that the court dismiss Redding's remaining claims pursuant to Federal Civil Procedure Rule 12(b)(6) for failure to state a claim, other than the following: (i) one claim alleged against defendants identified as Dhaliwal and Davis arising out of those defendants' alleged violation of Redding's rights under the Eighth Amendment to the United States Constitution, premised on those

Page 1 - OPINION AND ORDER

defendants' alleged role in causing undue delay in scheduling medically necessary surgery to Redding's back, and (ii) one claim alleged against defendants identified as Dhaliwal, Tovar, and Jacquez, arising out of those defendants' alleged violation of Redding's rights under the First Amendment, premised on Dhaliwal's decision to reduce Redding's prescription for narcotic pain medication, allegedly in retaliation for certain of Redding's filed grievances, on Tovar's conduct in placing Redding in a Special Housing Unit, allegedly in retaliation for a grievance Redding filed regarding the confiscation of his wheelchair, on Jacquez' failure to process one of Redding's grievances, allegedly in retaliation for Redding's exercise of his right to file grievances, and on Jacquez' role in placing Redding in a two-man cell with two other men for a period of approximately six months, allegedly in retaliation for Redding's exercise of his right to file grievances. On June 25, 2012, Judge Hernandez adopted my recommendation in part, dismissing all of Redding's claims other than those described above, but in addition dismissing Redding's First Amendment retaliation claim to the extent premised on Jacquez' role in placing Redding in a two-man cell with two other men for a period of approximately six months.

On March 1, 2013, defendants filed a motion (#220) for summary judgment as to Redding's remaining claims. Redding's opposition to defendants' motion was initially scheduled to be due by April 8, 2013, but on April 2, 2013, the deadline for Redding's opposition was extended to May 20, 2013. On April 8, 2013, Redding nevertheless filed an opposition memorandum. Redding supplemented his opposition with an additional such memorandum on April 11, 2013, and again on May 20, 2013. Also on May 20, 2013, Redding filed two separate motions (#248, 249) to compel defendants to respond to certain previously propounded discovery requests, and a motion (#247) for issuance of certain subpoenas *duces tecum*. On May 26, 2013,

Page 2 - OPINION AND ORDER

defendants moved (#250) for extension of time in which to file a reply in support of their pending dispositive motion and to respond to Redding's discovery motions. It appears probable that the discovery requests that are the subject of Redding's various pending discovery motions are calculated to assist Redding in preparing his opposition to defendants' pending dispositive motion. In light of Redding's *pro se* status and ongoing incarceration, I therefore construe Redding's pending discovery motions collectively as presenting a Federal Civil Procedure Rule 56(d) motion for additional time to conduct discovery, and grant the motion so construed.

Defendants' response or responses to Redding's pending discovery motions (#247, 248, 249) shall be due by June 13, 2013, and defendants are additionally directed either to respond to each of Redding's remaining pending motions (#207, 208, 209, 214), or to explain why no response is required thereto, by that same date. All of Redding's pending motions (#207, 208, 209, 214, 247, 248, 249) shall be taken under advisement as of June 14, 2013.

Defendants' motion (#220) for summary judgment is stricken from the under advisement calendar of June 4, 2013. Redding may file an additional supplemental response to defendants' motion (#220) within thirty days following the later of the dates upon which any of Redding's now-pending discovery motions is denied, or Redding receives all discovery to which he is entitled in connection with any such motion. In the event Redding files such an additional supplemental response, defendants' optional reply thereto shall be due within fourteen days following that date, and defendants' motion (#220) shall be taken under advisement on the next

/ / /

/ / /

following business day.

    Defendants' motion (#250) for extension of time is denied as moot.

Dated this 30th day of May, 2013.

                                   /s/ Paul Papak
                                   Honorable Paul Papak
                                   United States Magistrate Judge