IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LAWRENCE CHRISTOPHER REDDING,

    Plaintiff,

v.

J. DHALIWAL, DAVIS, JACQUEZ, and TOVAR,

    Defendants.

3:10-CV-998-PK

OPINION AND ORDER

PAPAK, Magistrate Judge:

    Plaintiff Lawrence Christopher Redding, an incarcerated prisoner proceeding *pro se*, filed this action *in forma pauperis* on August 20, 2010. Following significant motion practice, over the course of which Redding amended his pleading twice, the court liberally construed the allegations of Redding's first and second amended pleadings and dismissed certain of Redding's pled and/or construed claims in whole or in part. On May 15, 2012, I recommended that the court dismiss Redding's remaining claims pursuant to Federal Civil Procedure Rule 12(b)(6) for failure to state a claim, other than the following: (i) one claim alleged against defendants Dhaliwal and Davis arising out of those defendants' alleged violation of Redding's rights under the Eighth Amendment to the United States Constitution, premised on those defendants' alleged

Page 1 - OPINION AND ORDER

role in causing undue delay in scheduling medically necessary surgery to Redding's back, and (ii) one claim alleged against defendants Dhaliwal, Tovar, and Jacquez, arising out of those defendants' alleged violation of Redding's rights under the First Amendment, premised on Dhaliwal's decision to reduce Redding's prescription for narcotic pain medication, allegedly in retaliation for certain of Redding's filed grievances, on Tovar's conduct in placing Redding in a Special Housing Unit, allegedly in retaliation for a grievance Redding filed regarding the confiscation of his wheelchair, on Jacquez' failure to process one of Redding's grievances, allegedly in retaliation for Redding's exercise of his right to file grievances, and on Jacquez' role in placing Redding in a two-man cell with two other men for a period of approximately six months, allegedly in retaliation for Redding's exercise of his right to file grievances. On June 25, 2012, Judge Hernandez adopted my recommendation in part, dismissing all of Redding's claims other than those described above, but in addition dismissing Redding's First Amendment retaliation claim to the extent premised on Jacquez' role in placing Redding in a two-man cell with two other men for a period of approximately six months.

On May 30, 2013, I construed three discovery motions (#247, 248, 249) filed by Redding as collectively constituting a Federal Civil Procedure Rule 56(d) motion for additional time to conduct discovery in connection with defendants' then-pending motion (#220) for summary judgment, granted Redding's constructive motion, and stayed further proceedings in connection with defendants' motion. That stay remains in effect as of the date hereof.

Now before the court are Redding's motion (#207) to compel defendants to disclose the location of certain specified witnesses, Redding's motion (#208) styled as a motion to join all claims, remedies, and parties, Redding's motion (#209) to compel defendants to disclose their

expert witnesses, Redding's motion (#214) for prevailing party fees, Redding's motion (#247) for issuance of subpoenas, Redding's motion (#248) to compel supplemental interrogatory responses from defendant Tovar, Redding's motion (#249) to compel supplemental interrogatory responses from former defendant De La Heras, and defendants' motion (#255) for extension of discovery deadlines to permit defendants to respond to new discovery requests propounded by Redding on or around June 6, 2013. I have considered the motions, and all of the pleadings and papers on file. For the following reasons, each of Redding's motions (#207, 208, 209, 214, 247, 248, 249) is denied as discussed below, defendants' motion (#255) is granted as discussed below, and the stay of further proceedings in connection with defendants' pending motion for summary judgment is continued as discussed below.

## ANALYSIS

### I. Redding's Motion (#207) to Compel Defendants to Disclose the Location of Witnesses

Defendants represent that they have already provided Redding with all information reasonably available to them regarding the location of the witnesses specified in Redding's motion. On the basis of that representation, Redding's motion is denied without prejudice to his right to refile in the event he is able to establish that defendants' representation is inaccurate.

### II. Redding's Motion (#208) Styled as a Motion to Join

I cannot determine on the basis of Redding's argument in support of his motion what claims he seeks to join in his action, although it does appear that joinder of remedies or parties is not at issue. All of Redding's constructive claims that have not been dismissed are properly before the court, regardless of whether such claims are expressly set forth in Redding's

complaint. Redding's motion is therefore denied as moot.

### III.    Redding's Motion (#209) to Compel Disclosure of Experts

Defendants represent that they do not intend to call experts at the trial of this action. Redding's motion is therefore denied as moot.

### IV.    Redding's Motion (#214) for Prevailing Party Fees

By and through his motion, Redding appears to seek award of certain fees and costs he expended in connection with this action, and appears to seek such award on the grounds that he is the prevailing party in this action. No party has yet finally prevailed in this action. in consequence, Redding's motion is denied without prejudice to his right to refile in the event he ultimately prevails on some or all of his claims against the remaining defendants.

### V.    Redding's Motion (#247) for Issuance of Subpoenas

By and through his motion, Redding requests that the court send him form subpoenas for the production of documents from six partially identified physicians who may have some of Redding's medical records. Defendants represent that all of his medical records, including those produced by physicians outside the Bureau of Prisons system, are in their possession and have been produced to Redding. In addition, defendants represent that Redding is always entitled to request his medical records from the Bureau of Prisons or directly from his physicians, without need for a subpoena. I agree with the defendants that Redding need not issue a subpoena to obtain full and complete copies of his medical records. Redding's motion is therefore denied.

### VI.    Redding's Motions (#248, 249) to Compel Supplemental Interrogatory Responses from Tovar and De la Heras

Defendants represent that Tovar and De La Heras provided full and complete responses to

Page 4 - OPINION AND ORDER

Redding's interrogatory requests, notwithstanding asserted difficulty in parsing the requests or determining their precise gravamen. The responses defendants describe appear to fully and fairly address and respond to the substance of the specified interrogatories. On the basis of defendants' representations, Redding's motions are denied without prejudice to his right to refile the motions in the event he can establish the inaccuracy of defendants' representations regarding the responses offered to Redding's interrogatory requests.

## VII. Defendants' Motion (#255) for Extension of Discovery Deadlines

Defendants represent that Redding recently propounded new discovery requests, received by them June 6, 2013. Defendants request that discovery deadlines be extended to July 15, 2013, to permit them to respond to Redding's new discovery requests. In addition, defendants request that the deadline for defendants' pretrial discovery and disclosures be extended to that same date. Defendants' motion is granted.

## VIII. Stay of Further Proceedings in Connection with Defendants' Pending Motion for Summary Judgment

In light of defendants' representation that Redding recently propounded new discovery requests: (i) leave is granted for Redding to file a supplemental response to defendants' pending dispositive motion by not later than August 14, 2013; (ii) in the event Redding files such a supplemental response, defendants may file an optional reply thereto by not later than August 28, 2013, and defendant's pending motion (#220) for summary judgment shall be taken under advisement as of August 29, 2013; and (iii) in the event Redding does not file such a supplemental response by not later than August 14, 2013, defendant's pending motion (#220) for summary judgment shall be taken under advisement as of August 15, 2013.

Page 5 - OPINION AND ORDER

## CONCLUSION

For the reasons set forth above, each of Redding's motions (#207, 208, 209, 214, 247, 248, 249) is denied as discussed above, defendants' motion (#255) is granted as discussed above, and the stay of further proceedings in connection with defendants' pending motion for summary judgment is continued as discussed above.

Dated this 1st day of July, 2013.

_____
Honorable Paul Papak
United States Magistrate Judge